**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 96-4223

STEVEN HALL, a/k/a Shawn,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-73)

Submitted: April 30, 1997

Decided: September 4, 1997

Before RUSSELL and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David C. Smith, WHITE, SMITH, MORGAN & SCANTLEBURY,
L.C., Bluefield, West Virginia, for Appellant. Rebecca A. Betts,
United States Attorney, Philip H. Wright, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____


**OPINION**

PER CURIAM:

Steven Hall appeals his conviction and sentence for aiding and abetting the distribution of cocaine base. See 21 U.S.C. § 841(a)(1) (1994) & 18 U.S.C. § 2 (1994). Hall claims on appeal that the district court erred in not granting immunity to two witnesses that he called on his behalf. In addition, Hall makes several assignments of error pertaining to the calculation of his sentence. Specifically, he charges that the district court erred in applying the United States Sentencing Commission, Guidelines Manual (Nov. 1993), by not diminishing his sentence as a minor or minimal participant and in enhancing his sentence for obstruction of justice. He also claims the district court erred in calculating the total amount of cocaine base attributable to him. Finding no merit to any of Hall's contentions, we affirm his conviction and sentence.

In attacking his conviction, Hall claims that his ability to present an effective defense was compromised by the district court's refusal to compel the Government to grant immunity to two witnesses. Hall and the witnesses, Chris Mitchell and Floyd Robert Williams, were charged in the same indictment. Both Mitchell and Williams reached a plea agreement with the Government. When Hall called them to the stand, however, the Government explained that it had no intention of extending immunity to them for their testimony on Hall's behalf. As a result, both asserted their Fifth Amendment rights and refused to testify. Hall now urges this court to hold that the district court should have compelled the Government to extend immunity to the witnesses.

Without misconduct or overreaching on the part of the Government, the district court cannot compel the prosecution to provide defense witnesses with immunity for their testimony. United States v. Abbas, 74 F.3d 506, 512 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3794 (U.S. May 28, 1996) (No. 95-8821). The evidence of

2

overreaching must be decisive, material and exculpatory. United States v. Mitchell, 886 F.2d 667, 669-70 (4th Cir. 1989). There is no evidence of either misconduct or overreaching in this case. Contrary to Hall's suggestion on appeal, this is not a case where the Government granted immunity to the two witnesses to obtain important incriminating evidence and then withdrew the immunity just as they might have provided Hall with exculpatory testimony. To the contrary, neither Mitchell nor Williams were a part of the Government's case-in-chief. Furthermore, Hall's proffer of their testimony was rather pedestrian, amounting mostly to character evidence and disputing auxiliary matters. Consequently, there is no reason to conclude that this amounts to even a minimal showing of prosecutorial misconduct or overreaching, much less that Hall bore his"heavy burden" to make out the required "decisive" showing. Mitchell, 886 F.2d at 669 (citing United States v. Gravely, 840 F.2d 1156, 1160 (4th Cir. 1988)). The district court did not err in declining to compel the Government to grant immunity to the witnesses.

Hall's three assignments of error in sentencing are equally without merit. He takes exception to the district court's failure to decrease his offense level for a minor or minimal role in the offense, U.S.S.G. § 3B1.2, by increasing his offense level for obstruction of justice, U.S.S.G. § 3C1.1, and by miscalculating the amount of cocaine base attributable to him to determine the base offense level. See U.S.S.G. § 2D1.1(c). In each case, he faces the formidable task of showing that the district court committed "clear error" in considering the evidence at sentencing. See United States v. Reavis, 48 F.3d 763, 768 (4th Cir.) (regarding role in offense), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316); United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995) (regarding obstruction of justice); United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995) (regarding calculation of drug amount). This court will describe a district court's finding as clear error only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, (1948). The evidence leaves no such conviction in this case.

Rather than portraying him as an unsuspecting observer, the evidence leaves the impression that Hall "aided and abetted" this transac-

3

tion in the classic sense of the phrase. Without Hall's knowing offer of transportation, Richard Slash would have been unable to reach his appointment to conduct the cocaine base transaction. The fact that Hall wilfully denied at trial that he knew the purpose of Slash's trip across town, the central issue regarding whether Hall had aided and abetted the drug transaction, was sufficient to determine that Hall had committed perjury and was deserving of the offense level increase for obstruction of justice. See United States v. Dunnigan, 507 U.S. 87, 95 (1993). Finally, without revisiting the credibility of the witnesses, United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), as Hall invites us to do, there is no basis for finding clear error in the calculation of the amount of cocaine base attributable to Hall. The district court committed no clear error at sentencing.

As there is no merit to any of Hall's contentions, we affirm the district court's judgment and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4